**YARU, Plaintiff-Appellee, v. ALLIANCE FIRST NATIONAL BANK, Defendant-Appellant.**

Ohio Appeals, Seventh District, Carroll County.

No. 310.   Decided November 22, 1945.

440

H. H. Emmons, Canton, and Don R. Sharp, Carrollton, for Plaintiff-Appellee.

Blumenstiel, Strong & Blumenstiel, Alliance, for Defendant-Appellant.

## OPINION

By PHILLIPS, J.

In this opinion it is unnecessary to comment upon the prolonged litigation between the parties on the subject matter of this case in the courts of common pleas of Stark and Carroll Counties, the courts of appeals of the Fifth and Seventh Districts and the Supreme Court of Ohio further than to say that the case duly proceeded to trial in the court of common pleas of Carroll County upon the second amended petition of the plaintiff in which he sought recission of a contract to purchase real estate, to which reference is made later herein, and damages allegedly sustained as the result of such purchase; and upon the answer and cross petition of defendant in which it sought reformation of a deed conveying that real estate to plaintiff.

Upon hearing a judge of the court of common pleas, where the parties waived trial by jury, found that plaintiff was entitled to recission of the contract signed by him on May 28, 1937, through his agent Mantho, wherein he agreed to purchase such real estate from defendant Alliance First National Bank, a corporation, for seven thousand dollars; that plaintiff was entitled to damages in the amount of the contract purchase price together with simple interest thereon at six per cent from June 5, 1937, the date the lot was deeded to him, to all taxes he paid therein since that date, to four hundred and twenty-five dollars expended by him in repairing a sidewalk in front thereof, and razing a building situated thereon condemned and ordered removed by the City of Alliance, less $641.00 recovered by him as rental during his occupancy thereof, and found against defendant on its cross petition for reformation of its deed.

The trial judge duly entered judgment upon his findings and from that judgment defendant appealed to this court on questions of law and fact.

During oral argument the parties agreed to submit the case to this court as an appeal on questions of law. Accordingly the words "and fact" were ordered stricken from defendant's notice of appeal and a bill of exceptions having been duly filed the case was retained and will be determined as an appeal on questions of law.

Since counsel for defendant failed to file a motion for a new trial in the court of common pleas, IN THIS CASE, this court cannot consider defendant's assigned ground of error that "the decision, verdict and judgment of the court is against the weight of the evidence." Therefore the sole question presented for the consideration and determination of this court is whether, as claimed by defendant in its remaining assigned ground of error, the "decision and verdict of the court and judgment rendered therein is contrary to law."

It is conceded by defendant and shown by the recorded plats of the City of Alliance and County of Stark that lot 565, the real estate which is the subject of this controversy, fronts fifty feet on the south side of Main Street·in Alliance, Ohio, and extends south between parallel lines a distance of one hundred ten feet.

We learn from the record submitted to us for review that on the day plaintiff's agent signed the memorandum of sale and purchase of lot 565 defendant also owned the easterly half of lot 564, situated east of and contiguous to lot 565; that eight inches of the easterly wall of a brick building standing on lot 564 stood on lot 565 and extended from the street line south a distance of ninety feet, which fact plaintiff discovered "shortly after the sale," "right after we bought it in June sometime," "after I buy the lot"; that in conference between plaintiff's agent Mantho and Schweikart, then Assistant Cashier and Trust Officer of defendant corporation, held prior to and at the time plaintiff's agent signed such contract he requested Schweikart to state the size of the lot in the contract; that Schweikart and plaintiff's attorney said "it would not be necessary that it is marked on the plat of the county and city both as 50 x 110 so unnecessary to mark it down"; that Schweikart said to plaintiff's attorney "I don't believe it is necessary to put the size down"; that plaintiff's attorney said "no I don't think so, I think the property will speak for itself, if the lot is 50x110 why it is 50x110, it is not necessary to put that down at all"; that Scheikart said "either Mr. Mantho or Mr. Blair (Plaintiff's attorney) or someone asked me if I would insert in the purchase agreement the dimension of the lot. I said I

possibly could but ordinarily that is not done and I asked Mr. Blair whether or not he thought that would be necessary and Mr. Blair said no he did not think so and that was all that was said about it"; that Schweikart did not care what size the lot was "because we just sold him the lot" "it did not concern the bank—we merely had the lot for sale"; that during the pendency of litigation concerning such contract and deed defendant sold the easterly half of lot 564 to a third party, but did not purpose to sell or convey any part of lot number 565; that in the purchase agreement the land conveyed was described as lot 565.

This evidence is quoted for the purpose of showing that this court is of opinion that there is sufficient evidence to support the conclusion reached by the trial court and with no intention of weighing the evidence in the record.

The record in this case has been read and from the evidence contained therein and the testimony herein quoted therefrom the conclusion is reached that the trial judge did not err in reaching the conclusion stated in his opinion "that it was the plaintiff's desire and understanding that he was purchasing a lot fifty feet frontage on Main Street and it was the understanding of defendant that he (it) was selling a lot of fifty feet frontage on Main Street"; or in concluding and finding that a "mistake was made by the seller on the size of the lot he (it) sold to the purchaser, the plaintiff. That this mistake was not a mutual mistake between plaintiff and defendant but unintentional on the part of the defendant"; and that "the bank, seller, believed it was selling a lot with fifty feet frontage and committed an unintentional mistake in the drafting of the papers."

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, CARTER, J, concur in judgment.